## Crown Marketing Equipment Company v. Provident National Bank

*Ronald J. Smolow,* for plaintiff.
*Walter Weir,* for defendant.
*Theodore Flowers & Thomas J. Ziomek,* for additional defendants.

GREENBERG, *J.,* November 30, 1977—These matters are now before the court on (a) Motion filed by defendant, Provident National Bank, to extend the time for filing a complaint against additional defendants, Mortenson, Grizzetti, Felming & Boiko, pending the taking of depositions of John Boiko, and (b) Said additional defendants' motion for a protective order to prevent the taking of said deposition until after a complaint has been filed.

Defendant's motion is in the nature of a request to take pre-complaint discovery. Such discovery is permissible but subject to a showing that without the discovery a complaint could not be drafted. See Pustilnik v. SEPTA, 45 D.&C. 2d 799 (1968), and cases cited therein.

In the answering memorandum counsel for additional defendants sets forth that the facts for the purpose of the motion are relatively simple. Plaintiff's employe apparently embezzled in excess of $380,000 from plaintiff's checking accounts by drawing forged checks on those accounts, one of which was in Provident National Bank. Both prior to and during the time this took place, plaintiff had engaged John Boiko and additional defendants as accountants. Defendant then states that it issued a writ of summons against additional defendants on the ground that to the extent Provident was liable, additional defendants were liable over to Provident on the theory that additional defendants were

negligent in auditing plaintiff 's books and records and in failing to discover the embezzlement of plaintiff 's employe which started fourteen months prior to the time any check had been drawn on any Provident account. Defendant then states that additional defendants are either solely liable to plaintiff or at least jointly liable with Provident to the extent that Provident may be liable.

The above information certainly appears to be sufficient for defendant to file a complaint. Defendant apparently wants to discover, inter alia, the precise nature of the additional defendants' employment with plaintiff, what tasks they were to perform for plaintiff and what they actually did perform. While they have a right to depose Mr. Boiko for this purpose at the proper time, it seems to us that those reasons form no basis for permitting pre-complaint discovery. It is of no avail to defendant that additional defendants may be aware of the issues in the case or that they will suffer no prejudice by the taking of the deposition. Additional defendants are entitled to know the claim being made against them as set forth in a complaint and only where sufficient basis has been demonstrated to show that a complaint cannot be properly prepared without such discovery, will the court permit it. If this were the case here it would be of no moment that defendant might or might not be prejudiced. Since it is not the case the question of prejudice or lack of it is equally insignificant.

If, at depositions taken after a complaint is filed, defendant should gain knowledge of facts which they believe should be averred in a complaint, the liberal amendment process is available.

Accordingly, we entered orders granting the motion for a protective order and denying defendant's petition for extension of time to file a complaint pending the taking of pre-complaint discovery.

## ORDER

And now, November 4, 1977, the petition of Provident National Bank to extend the time for the filing of a complaint against additional defendants, Mortenson, Grizzetti, Felming & Boiko, until after the taking of the deposition of John Boiko, is denied without prejudice to said defendant's right to take such deposition as set forth in our order of this date granting the motion of said additional defendants for a protective order.

## ORDER

And now, November 30, 1977, the additional defendants' motion for a protective order is granted and depositions of John Boiko shall not be taken by defendant, Provident National Bank, until at least 30 days after the date of the filing of a complaint.